THE UNION PACIFIC RAILWAY COMPANY v. HERBERT
HARRIS.

TRIAL, *Postponement of; Mileage of Witnesses.* Where witnesses are sub-
penaed to attend a trial in a district court, and are present at the day
named in response to such subpena, and thereupon, on application of
both parties, the court postpones the trial to some subsequent day in the
term, and notifies the witnesses to be present on such subsequent day
without further subpena, *held,* that such witnesses are justified in return-
ing home and remaining until such subsequent day, and are entitled to
mileage for attending court on that day.

*Error from Leavenworth District Court.*

OCTOBER 2, 1882, the district court overruled the motion
of the defendant *Railway Company* to retax the costs in a
cause in which judgment for $90 and costs had been rendered
against it and for plaintiff *Harris.* This ruling the defend-
ant brings here.

*J. P. Usher,* and *Charles Monroe,* for plaintiff in error.
*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is as to the
taxation of costs, and whether certain witnesses were entitled
to the mileage claimed by them. The facts are these: The
case was set for trial September 21; the witnesses were sub-
penaed prior thereto, and attended that day. It being ap-
parent that the case could not be reached for trial on that
day, upon the request of attorneys on both sides the court
postponed the trial to September 26, and notified the witnesses
that they must be present upon that day. Thereupon the
witnesses returned home, and came back on the 26th to attend
the trial. For like reasons, and upon like requests, the court
a second time postponed the trial, and again notified the wit-
nesses to be present at the day fixed. The witnesses a second
time returned home, and again appeared at court on the day

finally fixed for the trial. The single question is, whether these witnesses were entitled to mileage on the occasion of those two postponements, for each trip home and back. Counsel for plaintiff in error insist that they were entitled to but one allowance of mileage for the term, and this notwithstanding the case was postponed from time to time during the term. The statute (Comp. Laws 1879, ch. 39, § 15) provides "that witnesses shall receive the following fees: For attending before any court, per day, $1.50; for each mile necessarily and actually traveled in going to and returning from the place of attendance, ten cents." Of course this statute controls. A witness is entitled to have taxed such fees and only such fees as the statute prescribes. Now we agree with counsel, that in a general way this section contemplates one allowance of mileage for attendance at one term upon one subpena. But we think it also contemplates a witness's continued attendance from day to day until the final disposition of the case for the term, and as a consequence, his per diem while thus waiting in attendance. Witnesses ought not to be subpenaed until they are needed, and then should be discharged as soon as their presence ceases to be necessary. In such a case they would be entitled to their single allowance of mileage and their per diem while in attendance. But if parties seek and obtain from the court an order which in effect dispenses with the per diem to the witnesses, they cannot insist that such witnesses remain in attendance without compensation. By obtaining an order dispensing with their attendance, they in effect consent to their returning home, and if thereafter they insist upon their attendance, it is equivalent to a new subpena. It is a second demand for their attendance, and the witnesses are entitled to their mileage for miles necessarily and actually traveled in obedience to this second order. Any other construction of the statute would put it in the power of the parties to sometimes grievously oppress a witness. The case at bar is only a mild illustration. By postponing the case from the 21st to the 26th, they in effect deprived these witnesses of their per diem for four successive days. Now if the wit-

nesses could not go home and charge mileage on their return in obedience to the order of the court, they would in effect be compelled to stay around the court for four days without any compensation. Such a construction would obviously be unjust to witnesses, and we think not warranted by the letter as well as manifestly against the spirit of the statute. (*Hathaway v. Roach*, 2 Woodb. & M. 63.) The ruling of the district court was therefore correct, and it must be affirmed.

All the Justices concurring.